# UNITED STATES DISTRICT COURT
## for the
## DISTRICT OF MASSACHUSETTS

BROADCAST MUSIC, INC.; SONGS OF UNIVERSAL, INC.; )
BENNY BIRD COMPANY, INC.; BEN MARGULIES, AN )
INDIVIDUAL d/b/a BEEN JAMMIN MUSIC; VISION OF LOVE )
SONGS, INC.; SONY ATV SONGS, LLC; THE BERNARD )
EDWARDS COMPANY, LLC; CAREERS-BMG MUSIC )
PUBLISHING, INC.; ALEX BAND, AN INDIVIDUAL d/b/a )
AMEDEO MUSIC; FOREIGN IMPORTED PRODUCTIONS )
AND PUBLISHING INC. d/b/a FIPP INTERNATIONAL; )
ANTWI MUSIC LLC, SONY/ATV LATIN MUSIC ) **CIVIL ACTION NO.: 04-CV-11553REK**
PUBLISHING LLC; EMI BLACKWOOD MUSIC INC.; DARP )
MUSIC, INC., A GEORGIA CORPORATION d/b/a CYPTRON )
MUSIC; CHARLES EDWARD HUGO, AN INDIVIDUAL d/b/a )
RAYNCHASER MUSIC; PHARRELL L. WILLIAMS, AN )
INDIVIDUAL d/b/a WATERS OF NAZARETH PUBLISHING, )
    *Plaintiffs,* )
       )
    v. )
       )
WHO'S ON FIRST, INC., d/b/a WHO'S ON FIRST AND )
ROBERT PARATORE, INDIVIDUALLY, )
    *Defendants.* )

## DEFENDANTS' ANSWER TO COMPLAINT FILED BY PLAINTIFFS

Defendants, by their attorney, for their Answer to Complaint filed by Plaintiffs, allege as follows:

### JURISDICTION AND VENUE

1. This is a suit for copyright infringement under the United States Copyright Act of 1976, as amended, 17 U.S.C. Sections 101 *et seq.* (the "Copyright Act"). This Court has jurisdiction pursuant to 28 U.S.C. Section 1338(a).

   **Answer 1:**

   Defendants admit allegations contained in paragraph 1.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. Section 1400(a).

   **Answer 2:**

   Defendants admit allegations contained in paragraph 2

3. Plaintiff, Broadcast Music, Inc., ("BMI"), is a corporation organized and existing under the laws of the State of New York. BMI's principal place of business is 320 West 57th Street, New York, New York, 10019. BMI has been granted the right to license the public performance rights in approximately 4.5 million copyrighted musical compositions (the "BMI repertoire"), including those which are alleged herein to have been infringed.

**Answer 3:**

Defendants neither admit nor deny and call upon plaintiffs to prove allegations contained in paragraph 3.

4. The other plaintiffs are the owners of the copyrights in the musical compositions which are the subject of this lawsuit. All plaintiffs are joined pursuant to Fed. R. Civ. P. 17(a) and 19(a).

**Answer 4:**

Defendants admit allegations contained in paragraph 4.

5. Upon information and belief, defendant, Who's On First, Inc. is a corporation organized and existing under the laws of the Commonwealth of Massachusetts, which operates, maintains and controls an establishment known as Who's On First (the "Establishment"), located 19 Yawkey Way, Boston, Massachusetts, 02215, in this district. In connection with the operation of this business, defendant Who's On First, Inc. Publicly performs musical compositions and/or causes musical compositions to be publicly performed.

**Answer 5:**

Defendants admit allegations contained in paragraph 5.

6. Defendant, Who's On First, Inc.'s agent for service of process is David M. Paratore at 75 Peterborough Street, Suite 109, Boston, MA 02215.

**Answer 6:**

Defendants admit allegations contained in paragraph 6.

7. Plaintiffs are informed and believe that defendant Robert Paratore ("Paratore") is a stockholder and officer of defendant Who's On First, Inc., with primary responsibility for the operation and management of that corporation and the Establishment. He is a Massachusetts resident with an address at 164 Cordaville Road, Ashland, MA.

**Answer 7:**

Defendants admit allegations contained in paragraph 7.

8. Plaintiffs are informed and believe that defendant Paratore has the right and ability to supervise the activities of defendant Who's On First, Inc. And the Establishment, and a direct financial interest in that corporation and the Establishment.

**Answer 8:**

Defendants admit allegations contained in paragraph 8.

## CLAIMS OF COPYRIGHT INFRINGEMENT

9. Plaintiffs repeat and reallege each of the allegations contained in paragraphs 1 through 8.

**Answer 9:**

Paragraph 9 does not require an answer

10. Plaintiffs allege seven (7) claims of willful copyright infringement based upon defendants' unauthorized public performance of musical compositions from the BMI repertoire. All of the claims for copyright infringement joined in this complaint are governed by the same legal rules and involve similar facts. Joinder of these claims will promote the convenient administration of justice and will avoid a multiplicity of separate, similar actions against defendants.

**Answer 10:**

    Defendants neither admit nor deny and call upon plaintiffs to prove allegations contained in paragraph 10.

11. Annexed as Schedule A hereto and incorporated herein is a list identifying the musical compositions whose copyrights are known to have been infringed copyright in other musical compositions and at other times in addition to those shown on Schedule A. Schedule A contains information on the seven claims of copyright infringement at issue in this action. Each numbered claim has the following eight lines of information: Line 1 providing the claim number; Line 2 listing the title of the musical composition related to that claim; Line 3 identifying the writer(s) of the musical composition; Line 4 noting the publisher(s) of the musical composition who are also the plaintiff(s) in this action pursuing the claim at issue; Line 5 providing the date on which the copyright registration was issued for the musical composition; Line 6 indicating the Registration number(s); Line 7 showing the dates(s) of infringement; and Line 8 identifying the location of the establishment where the infringement occurred. All references hereinafter to "Lines" are to lines on the Schedule.

**Answer 11:**

    Defendants neither admit nor deny and call upon plaintiffs to prove allegations contained in paragraph 11.

12. Each of the musical compositions identified on the Schedule, Line 2, was created by the persons named on Line 3.

**Answer 12:**

    Defendants neither admit nor deny and call upon plaintiffs to prove allegations contained in paragraph 12.

13. On or about the dates indicated on Line 5, the publishers named on Line 4 (including any predecessors in interest), complied in all respects with the requirements of the Copyright Act and received from the Register of Copyrights Certificates of Registration bearing the numbers listed on Line 6.

**Answer 13:**

    Defendants neither admit nor deny and call upon plaintiffs to prove allegations contained in paragraph 13.

14. On the dates listed on Line 7, plaintiff BMI was and still is the licensor of the public performance rights in the musical compositions identified on Line 2. On the dates listed on Line 7, the plaintiffs listed on Line 4 were and still are the owners of the copyright in the respective musical compositions listed on Line 2.

**Answer 14:**

    Defendants neither admit nor deny and call upon plaintiffs to prove allegations contained in paragraph 14.

15. On the date(s) listed on Line 7, defendants performed and/or caused the musical compositions identified on Line 2 to be publicly performed on the premises of Who's On First without a license or permission to do so. Thus, defendants have committed copyright infringement.

**Answer 15:**

    Defendants neither admit nor deny and call upon plaintiffs to prove allegations contained in paragraph 15.

16. Defendants performed and/or caused such musical compositions to be publicly performed notwithstanding repeated warnings from plaintiff BMI that the performance on the premises of Who's On First, without permission from the copyright owners, did and would constitute infringement of copyright in violation of Title 17 of the United States Code.

**Answer 16:**

    Defendants neither admit nor deny and call upon plaintiffs to prove allegations contained in paragraph 16.

17. The specific acts of copyright infringement alleged, as well as defendants' entire course of conduct, have caused and are causing plaintiffs great and incalculable damage. By continuing to provide unauthorized public performances of works in the BMI repertoire at Who's On First, defendants threaten to continue committing copyright infringement. Unless this Court restrains defendants from committing further acts of copyright infringement, plaintiffs will suffer irreparable injury for which they have no adequate remedy at law.

**Answer 17:**

    Defendants neither admit nor deny and call upon plaintiffs to prove allegations contained in paragraph 17.

## RELIEF REQUESTED

WHEREFORE, Defendants request that the complaint filed by plaintiffs be denied and defendants be awarded costs and attorneys fees and any other relief this Court deems appropriate.

Respectfully Submitted,
WHO'S ON FIRST, INC. d/b/a WHO'S ON FIRST and ROBERT PARATORE,
By their attorney,

Peter J. Muse
15 Foster Street
Quincy, MA 02169
BBO No.: 365390
Tel: (617) 479-3888

Date:

## CERTIFICATE OF SERVICE

I, Peter J. Muse, hereby certify that a copy of the enclosed Defendants' Answer to Complaint Filed by Plaintiffs was served upon Amy C. Mainelli, Esq., Kotin, Crabtree & Strong, LLP, One Bowdoin Square, Boston, MA 02114 by mail on October 19, 2004.

Peter J. Muse, Esquire